MOENCH LAW, LLC
By: Matthew C. Moench, Esq., 031462007
1303 Roger Avenue,
Bridgewater, New Jersey 08807
T: (908) 208-1910
F: (908) 393-7103
moenchlawllc@gmail.com
*Attorney for Plaintiffs,*
*Michael Thulen, Jr., Michael Porter,*
*and Terence Gaudlip*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL THULEN JR., <br><br> MICHAEL PORTER, <br><br> TERENCE GAUDLIP, <br><br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, NEW JERSEY COUNCIL 63, <br><br> AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, <br><br> AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, LOCAL 3790, <br><br> TOWNSHIP OF LAKEWOOD, <br><br> **PHIL MURPHY,** in his official capacity as Governor of New Jersey, <br><br> **GURBIR GREWAL,** in his official capacity as Attorney General of New Jersey, <br><br> **JOEL M. WEISBLATT, PAUL BOUDREAU, PAULA B. VOOS, JOHN** | Case No.: 1:18-CV-14584 <br><br><br> AMEDED COMPLAINT |

1

| |
|---|
| BONANNI, AND DAVID JONES, in their official capacities as members of the New Jersey Public Employment Relations Commission, |
| Defendants |

Plaintiffs, Michael Thulen Jr., residing at 621 1st Avenue, Point Pleasant, New Jersey, 08742, Michael Porter, residing at 43 Straton Court, Parlin, New Jersey 08859, and Terence Gaudlip, 732 7th Avenue, Toms River, New Jersey 08757 (collectively, "Plaintiffs"), by and through undersigned counsel, by way of Complaint against Defendants American Federation of State, County and Municipal Employees, New Jersey Council 63, American Federation of State, County and Municipal Employees, AFL-CIO, American Federation of State, County and Municipal Employees, AFL-CIO, Local 3790, (collectively, the "Defendant Unions"), Township of Lakewood, and Phil Murphy, in his capacity as Governor of New Jersey, Gurbir Grewal, in his official capacity as Attorney General for New Jersey, and Joel M. Weisblatt, Paul Boudreau, Paula B. Voos, John Bonanni, and David Jones, in their official capacities as members of the New Jersey Public Employment Relations Commission (collectively "State Defendants"), allege as follows:

## BACKGROUND AND NATURE OF THE ACTION

1.  Plaintiffs are public employees for the Township of Lakewood in Ocean County (the "Township").

2.  The Defendant Unions operate under a unified-dues structure. The Township employer collects dues and fees, remits these to AFSCME New Jersey Council 63, who pays the international headquarters, AFSCME AFL-CIO, who in turn sends money back to the Local 3790. All this is done under the auspices of New Jersey's Employer-Employee Relations Act, N.J.S.A. §§ 34:13A-1 to 34:13A-43.

3.  In Janus v. AFSCME Council 31, 585 U.S. ___ (2018), the Supreme Court held:

2

> States and public-sector unions may no longer extract agency fees from nonconsenting employees. Under Illinois law, if a public-sector collective-bargaining agreement includes an agency-fee provision and the union certifies to the employer the amount of the fee, that amount is automatically deducted from the nonmember's wages. §315/6(e). No form of employee consent is required. This procedure violates the First Amendment and cannot continue. Neither an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay. By agreeing to pay, nonmembers are waiving their First Amendment rights, and such a waiver cannot be presumed.

Janus, slip opinion at 48.

4. On May 18, 2018, likely in anticipation of Janus, New Jersey passed the "Workplace Democracy Enhancement Act," which amended N.J.S.A. § 52:14-15.9e to state:

> Whenever any person holding employment, whose compensation is paid by this State or by any county, municipality, board of education or authority in this State, or by any board, body, agency or commission thereof shall indicate in writing, . . . to the proper disbursing officer his desire to have any deductions made from his compensation, for the purpose of paying the employee's dues to a bona fide employee organization, designated by the employee in such request, and of which said employee is a member, such disbursing officer shall make such deduction from the compensation of such person and such disbursing officer shall transmit the sum so deducted to the employee organization designated by the employee in such request.
>
> Employees who have authorized the payroll deduction of fees to employee organizations **may revoke such authorization** by providing written notice to their public employer **during the 10 days following each anniversary date** of their employment. Within five days of receipt of notice from an employee of revocation of authorization for the payroll deduction of fees, the public employer shall provide notice to the employee organization of an employee's revocation of such authorization. An employee's notice of revocation of authorization for the payroll deduction of employee organization fees shall be effective on the 30th day after the anniversary date of employment.

Id. (emphasis added).

5. The Workplace Democracy Enhancement Act unconstitutionally interferes with public employees' First Amendment right to resign from and end financial support to a union at any time.

3

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

7. Venue is appropriate in this jurisdiction because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

8. There are two possible appropriate Vicinages. Under Local Civil Rule 40.1(c)(2), the first is Camden Vicinage since there is a potentially related case, Smith v. New Jersey Education Association, Case No. 1:18-cv-10381-RMB-AMD. Smith is a putative class action wherein the proposed class representatives are all schoolteachers and the union defendants are the New Jersey Education Association and three of its subunits. But, various state officials charged with the enforcement of the Workplace Democracy Enhancement Act are named as defendants, and the fourth proposed class is:

> all public employees in New Jersey who have resigned or who might resign their union membership, or who have revoked or might revoke their consent to the payroll deduction of union fees, yet remain subject to payroll deductions even after they have resigned their membership or revoked their affirmative consent to payroll deductions.

Id. at Docket Entry 43, p. 3.

9. The second potential Vicinage is Trenton. Two of three plaintiffs reside in Ocean County, and all of the New Jersey defendants are in counties within the Vicinage. See Local Civil Rule 40.1.

## PARTIES

10. Plaintiff Michael Thulen Jr. resides in Ocean County and is a building inspector for the Township of Lakewood. He is a member of AFSCME Local 3790.

11. Plaintiff Michael Porter resides in Middlesex County and is a building inspector for

4

the Township of Lakewood.  He is a member of AFSCME Local 3790.

12. Plaintiff Terence Gaudlip resides in Ocean County and is a building inspector for the Township of Lakewood.  He is a member of the Executive Committee of AFSCME Local 3790.

13. Defendant American Federation of State, County and Municipal Employees is located in Washington, D.C.

14. Defendant American Federation of State, County and Municipal Employees, New Jersey Council 63 is located in Monmouth County.

15. Defendant American Federation of State, County and Municipal Employees New Jersey, Local 3790 is in the Township of Lakewood in Ocean County.

16. Defendant Township of Lakewood is a New Jersey municipality and employer for Plaintiffs, and is located in Ocean County.

17. Defendant Phil Murphy, acting in his official capacity as Governor of New Jersey, has his office in Trenton.

18. Defendant Gurbir Grewal, acting in his official capacity as Attorney General of New Jersey, has his office in Trenton.

19. Defendants Joel M. Weisblatt, Paul Boudreau, Paula Voos, John Bonanni, and David Jones, acting in their official capacities as members of the New Jersey Public Employment Relations Commission, have their main office in Trenton.

## FACTS

20. The Plaintiffs are members of the Union Defendants.

21. Plaintiff Michael Thulen Jr. began his employment on September 10, 2012.

22. Plaintiff Michael Porter began his employment on September 14, 2015.

23. Plaintiff Terence Gaudlip began his employment on February 27, 2012.

24. Upon information and belief, prior to Janus, all three Plaintiffs signed a dues authorization card, but have not signed a waiver post-Janus.

25. Plaintiffs all desired to cease providing financial contributions to their union as of the time they instituted this complaint, however, they were precluded from doing so by the express provisions of the WDEA, which does not provide for any mechanism to cease payroll deductions through their public employer outside of the limited time period expressly provided in the statute.

26. As of the time of filing this instant lawsuit, and since the time the defendants were served with this action, neither the Township of Lakewood nor the Defendant Unions have taken any steps to cease payroll deductions from Plaintiffs despite their desire to no longer have union dues removed from their paychecks.

27. On February 28, 2019, on the first day following his anniversary date, and the earliest time allowed under the WDEA, Plaintiff Gaudlip sent a certified letter, which was also emailed and hand-delivered to his employer, Township of Lakewood, revoking his authorization to permit payroll deductions for union dues. In that same letter, he requested that such dues be immediately ceased and stated that he no longer intends to remain a member of his union. A true and accurate copy of that letter is attached hereto as **Exhibit A**.

28. On February 28, 2019, Mr. Gaudlip also sent a certified letter, which was also emailed to an AFSCME representative, and hand-delivered to the local union representative, resigning his union membership and providing a courtesy copy of his letter sent to his employer revoking the authorization for automatic payments. A true and accurate copy of that letter is attached hereto as **Exhibit B**.

## CAUSES OF ACTION

### COUNT I - Plaintiffs Have a Constitutional Right to Resign at Any Time

29. Plaintiffs incorporate paragraph 1 through 28 as though fully set forth herein.

30. Plaintiffs are suing the Defendant Unions and Defendant state officials under 42 U.S.C. § 1983, Civil action for deprivation of rights, and under 28 U.S.C. § 2201, the Declaratory Judgment Act. More specifically, Plaintiffs seek a declaration that, under Janus and/or any other relevant case law, they are entitled to the right to resign from the Defendant Unions at any time and cease any accrual of financial support to the Defendant Unions immediately upon resigning. If Janus itself does not clearly establish this right, plaintiffs a declaration from this Court establishing such a right.

### COUNT II - Plaintiffs Do Not Forgo Their Constitutional Rights Unless They Waive These

31. Plaintiffs incorporate paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiffs are suing the Defendant Unions and the Governor under 42 U.SC. § 1983, civil action for deprivation of rights, and under 28 U.S.C. § 2201, the Declaratory Judgment Act. More specifically, Plaintiffs seek a declaration that, pursuant to Janus, union dues or agency fees cannot be collected without a clear and knowing waiver from an employee wherein they acknowledge that they are giving up First Amendment rights, and do so freely. This waiver must post-date Janus.

33. Further, to the extent that it has not been clearly established by case law until this action, Plaintiffs cannot have waived their constitutional rights to resign from a union at any time and thereby cease accrual of financial support to Defendant Unions immediately upon their resignation.

7

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs hereby request that this court:

a. Enjoin the Defendant Unions from collecting any dues or fees from Plaintiffs if they have not consented to such collection through a clear and informed waiver of their First Amendment rights under <u>Janus</u>;

b. Declare that there is a constitutional right of employees to resign from a union at any time;

c. Declare that the WDEA provision, <u>N.J.S.A.</u> § 52:14-15.9e(1), restricting the revocation of any waiver that fulfills the requirements of <u>Janus</u>, is void and unenforceable and that the right to resign and thereby immediately cease accrual of any financial support to the Defendant Unions can be exercised at any time;

d. Enjoin the Defendant state officials from enforcing <u>N.J.S.A.</u> § 52:14-15.9e(1);

e. Award Plaintiffs their attorney fees pursuant to 42 U.S.C. § 1988, along with costs; and

f. Grant all other relief that the Court deems just, proper, and equitable.

|  |  |
|---|---|
| Patrick J. Wright, Esq.<br>Mackinac Center Legal Foundation<br>140 W. Main Street<br>Midland, MI 48642<br>(989) 631-0900<br>wright@mackinac.org<br>Admitted *Pro Hac Vice* | By: /s/ Matthew C. Moench<br>Matthew C. Moench, Esq.<br>Moench Law, LLC<br>1303 Roger Avenue<br>Bridgewater, NJ 08807<br>(908) 208-1910<br>moenchlawllc@gmail.com<br><br>Counsel for Plaintiffs,<br>Michael Thulen, Jr.,<br>Michael Porter,<br>and Terence Gaudlip |

March 4, 2019

# EXHIBIT A

TERENCE GAUDLIP
732 7TH Avenue
Toms River, New Jersey 08757

February 28, 2019

**VIA ELECTRONIC MAIL, HAND DELIVERY, and CERTIFIED MAIL, RRR**
Trish Komsa
Director of Human Resources
Township of Lakewood
231 Third Street
Lakewood, New Jersey 08701

Re: **Revocation of Authorization for Payroll Deductions**

Dear Ms. Komsa

I hereby revoke any prior authorization made by me permitting the Township of Lakewood to deduct union dues from my paycheck. Any such authorizations were made prior to the United States Supreme Court's decision in Janus v. AFSCME Council 31 and at no time since that decision has the Township of Lakewood or AFSCME, Local 3790, sought my consent to continue those deductions. Had state law permitted me to cease these contributions earlier, I would have done so. However, the "Workplace Democracy Enhancement Act" expressly prohibits me from doing so except in the 10 days following my anniversary date of employment. As my anniversary date is February 27th, I here demand that all payments cease immediately. I no longer want to contribute any financial support to the union or to remain a union member, and hereby exercise my Constitutional right to no longer associate in any way with the union.

Thank you for your prompt and immediate attention to this matter.

Best regards,

Terence Gaudlip

# EXHIBIT B

TERENCE GAUDLIP
732 7TH Avenue
Toms River, New Jersey 08757

February 28, 2019

**VIA ELECTRONIC MAIL, REGULAR MAIL, and CERTIFIED MAIL, RRR**
AFSCME, Local 3790
212 4th Street,
Lakewood, New Jersey 08701

**Re: Revocation of Union Membership**

Dear Sir/Madam:

Please be aware that I immediately resign my membership with AFSCME, Local 3790, and any State or National affiliates. At the time I was hired by the Township of Lakewood, even if I did not become a union member, I was compelled to support the union at a significant percentage of the total dues. As a result of that compelled payment, I joined the union. Since joining, the union has engaged in conduct and speech that do not represent my political views.

Following the United State Supreme Court's decision in Janus v. AFSCME Council 31 I am no longer compelled to financially support the union and wish to immediately exercise my constitutional rights to disassociate. I would have done so sooner, however, the "Workplace Democracy Enhancement Act" expressly precluded me from doing so except during the 10 days following my anniversary date of my employment. Today is the first day following my anniversary date, and as a result, I wish to terminate my association at the first time permitted by law.

I no longer want to contribute any support to the union or to remain a union member, and hereby exercise my Constitutional right to no longer associate in any way with the union. I already submitted a similar letter to the Township of Lakewood revoking my prior authorization to deduct payments for union dues from my paycheck, a copy of which is enclosed.

Thank you for your prompt and immediate attention to this matter.

Best regards,

Terence Gaudlip