[Dkt. Nos. 37, 38, 39, 43]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHAEL THULEN, JR, MICHAEL PORTER, and TERENCE GAUDLIP, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, NEW JERSEY COUNCIL 63, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, LOCAL 3790, TOWNSHIP OF LAKEWOOD, PHIL MURPHY, GURBIR GREWAL, JOEL M. WEISBLATT, PAUL BOUDREAU, PAULA B. VOOS, JOHN BONANNI, and DAVID JONES, <br><br> Defendants. | Civil No. 18-14584 (RMB/AMD) <br><br> **OPINION** |

**APPEARANCES:**

MOENCH LAW, LLC
By: Matthew C. Moench, Esq.
1303 Roger Avenue
Bridgewater, New Jersey 08807

MACKINAC CENTER LEGAL FOUNDATION
By: Patrick J. Wright, Esq.
140 W. Main Street
Midland, Michigan 48642
    Counsel for Plaintiffs Michael Thulen, Jr., Michael Porter,
    and Terence Gaudlip

ZAZZALI, FAGELLA & NOWAK, KLEINBAUM & FRIEDMAN
By: Paul L. Kleinbaum, Esq.
570 Broad Street, Suite 1402
Newark, New Jersey 07102

BREDHOFF & KAISER, PLLC
By: Leon Dayan, Esq.; Ramya Ravindran, Esq.
805 15th Street NW, Suite 1000
Washington, DC 20005
    Counsel for American Federation of State, County and
    Municipal Employees, New Jersey Council 63, American
    Federation of State, County and Municipal Employees, AFL-CIO,
    American Federation of State, County and Municipal Employees,
    AFL-CIO, Local 3790

STATE OF NEW JERSEY, OFFICE OF THE ATTORNEY GENERAL
By: Melissa Dutton Shaffer, Assistant Attorney General; Jeremy M.
Feigenbaum, Assistant Attorney General; Lauren A. Jensen, Deputy
Attorney General; Jana R. DiCosmo, Deputy Attorney General
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625-0112
    Counsel for Phil Murphy, in his official capacity as
    Governor of New Jersey, and Gurbir Grewal, in his official
    capacity as Attorney General of New Jersey

STATE OF NEW JERSEY, PUBLIC EMPLOYMENT RELATIONS COMMISSION
By: Christine R. Lucarelli, General Counsel
495 West State Street, P.O. Box 429
Trenton, New Jersey 08625
    Counsel for Joel M. Weisblatt, Paul Boudreau, Paula B. Voos,
    John Bonani, and David Jones, in their official capacities as
    Chairman and members of the New Jersey Public Employment
    Relations Commission

**RENÉE MARIE BUMB**, UNITED STATES DISTRICT JUDGE:

This action is brought in the wake of the United States Supreme Court's decision in Janus v. AFSCME, Council 31, et al., 138 S.Ct. 2448 (2018), which held that public sector unions could no longer deduct compulsory "fair share" agency fees from non-consenting employees. Based on that decision, Plaintiffs bring this action against Defendants American Federation of State, County and Municipal Employees ("AFSCME"), AFSCME New Jersey

2

Council 63, and AFSCME Local 3790 (the "Union Defendants"), Governor Phil Murphy and Attorney General Gurbir Grewal (the "State Defendants"), the members of the New Jersey Public Employee Relations Commission (the "PERC Defendants"), and the Township of Lakewood, seeking monetary and declaratory relief under 42 U.S.C. § 1983 for alleged First Amendment violations.

Plaintiffs in this case, Michael Thulen, Jr., Michael Porter, and Terence Gaudlip are building inspectors for the Township of Lakewood who are current or former members of their local AFSCME chapters. Plaintiffs argue that the First Amendment gives member employees a right to withdraw from the union and cease paying dues at any time, without restriction. On that point, Plaintiffs argue that the revocation requirements set forth in N.J.S.A. § 52:14-15.9e, as amended by the Workplace Democracy Enhancement Act, P.L.2018, C.15, § 6, eff. May 18, 2018 (the "WDEA"), unconstitutionally restrict employees' First Amendment rights.

For the reasons outlined herein, the Motions to Dismiss, filed by the PERC Defendants [Dkt. No. 37], the Union Defendants [Dkt. No. 38], and the State Defendants [Dkt. No. 39], will be **GRANTED**, and Plaintiffs' Cross-Motion for Declaratory Judgment [Dkt. No. 43] will be **DENIED**.

## I. FACTUAL BACKGROUND

### A. *The Workplace Democracy Enhancement Act*

Prior to May 2018, the revocation language in N.J.S.A. § 52:14-15.9e stated that public sector employees had a right to withdraw their union dues authorization through a written notice, effective as of January 1 or July 1, whichever was sooner.

However, on May 18, 2018, New Jersey Governor Phil Murphy signed into law the Workplace Democracy Enhancement Act, P.L.2018, C.15, § 6, eff. May 18, 2018, which amended N.J.S.A. § 52:14-15.9e by striking the prior revocation language and replacing it with the following:

> Employees who have authorized the payroll deduction of fees to employee organizations may revoke such authorizations by providing written notice to the public employer during the 10 days following each anniversary date of their employment. Within five days of receipt of notice from an employee of revocation of authorization for the payroll deduction of fees, the public employer shall provide notice to the employee organization of an employee's revocation of such authorization. An employee's notice of revocation of authorization for the payroll deduction of employee organization fees shall be effective on the 30th day after the anniversary date of employment.

N.J.S.A. § 52:14-15.9e (as amended by the WDEA). The WDEA itself does not clarify whether the revocation procedure set forth therein constitutes the exclusive process to withdraw from the union or supersedes pre-existing contractual opt-out dates.

4

**B.  *The Janus Decision***

One June 27, 2018, the United States Supreme Court issued its decision in Janus, holding that "States and public-sector unions may no longer extract agency fees from nonconsenting employees." Janus, 138 S.Ct. at 2486.  In doing so, the Court overturned forty-year-old precedent from Abood, which permitted public sector unions to compel agency fees from non-member employees for costs "germane" to collective bargaining, so long as non-members were not forced to contribute to political or ideological causes. See Abood, 431 U.S. 235-36.  The Court explained that the framework set forth in Abood failed to appreciate the inherently political nature of public sector collective bargaining and "violate[d] the free speech rights of nonmembers by compelling them to subsidize private speech on matters of substantial public concern."  Janus, 138 S.Ct. at 2460.  Moving forward, the Court stated as follows:

> Neither an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay. By agreeing to pay, nonmembers are waiving their First Amendment rights, and such a waiver cannot be presumed. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); see also Knox, 567 U.S., at 312–313, 132 S.Ct. 2277. Rather, to be effective, the waiver must be freely given and shown by "clear and compelling" evidence. Curtis Publishing Co. v. Butts, 388 U.S. 130, 145, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967) (plurality opinion); see also College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 680–682, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999). Unless employees

> clearly and affirmatively consent before any money is
> taken from them, this standard cannot be met.

Janus, 138 S. Ct. at 2486.

    **C.**    ***Post-Janus Rights to Resignation***

As alleged in the Amended Complaint, all three Plaintiffs signed union dues authorization cards upon the commencement of their employment as building inspectors for the Township of Lakewood, New Jersey. Plaintiffs allege that, following Janus, they all wished to cease providing contributions to the union, but were precluding from withdrawing their dues authorization by the express provisions of the WDEA.

Plaintiffs do not allege that they made any requests to resign from the union that were rejected. On February 28, 2019, which was during the ten-day anniversary of his employment, Plaintiff Gaudlip sent a letter to his employer and the union withdrawing his union dues authorization. According to the Union Defendants, Plaintiff Gaudlip's last deduction of union dues from his paycheck occurred on February 22, 2019.

The Amended Complaint contains no allegation that Plaintiff Thulen or Plaintiff Porter ever attempted to withdraw from the union. In fact, the Union Defendants note that Plaintiff Thulen actually resigned his employment with the Township of Lakewood on April 9, 2019, and, therefore, is no longer a union dues paying member. Additionally, the Union Defendants state that "Plaintiff

6

Porter is not, and has never been, a dues-paying member of the union." See Union Defs.' Motion to Dismiss [Dkt. No. 38], at p.4.[1]

Plaintiffs commenced this action on October 3, 2018 and filed the Amended Complaint on March 4, 2019. Specifically, Plaintiffs allege that public sector employees have a constitutional right to resign from the union at any time, without restrictions. This matter now comes before the Court upon Defendants' motions to dismiss and Plaintiffs' cross-motion for declaratory relief.

## II. LEGAL STANDARD

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Plaintiffs concede that the "recent contention about Porter's purported lack of union membership status makes it possible he did not sign a dues authorization." See Pls.' Response to Motions to Dismiss [Dkt. No. 44], at p.13, n.9. At this stage of the litigation, this dispute of fact is immaterial, as the Court finds that Plaintiffs fail to state a claim as a matter of law.

7

misconduct alleged." Id. at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012). When undertaking this review, courts are limited to the allegations found in the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

## III. **ANALYSIS**

In the motions to dismiss, Defendants assert various grounds for dismissal. Among these arguments is that this Court lacks subject matter jurisdiction over Plaintiffs' claims because the

8

Amended Complaint fails to state a valid claim for relief.  This Court agrees with Defendants.

As held by this Court in <u>Smith, et al. v. NJEA, et al.</u>, Civ. No. 18-10381 [Dkt. No. 197] and <u>Fischer, et al. v. Murphy, et al.</u>, Civ. No. 18-15628 [Dkt. No. 50], 2019 WL 6337991, the <u>Janus</u> decision does not allow employees, who voluntarily signed union dues authorizations, to override fair and reasonable contractual commitments.  In this case, Plaintiffs do not allege what, if any, opt-out restrictions were set forth in their union dues authorization forms.  As such, this Court cannot determine if the terms of the union dues authorization agreement were reasonable.

Furthermore, although this Court previously noted, in <u>Fischer</u> and <u>Smith</u>, that "if Defendants were to enforce the statute in absence of additional opt-out opportunities, the WDEA's revocation procedure... would unconstitutionally infringe upon an employee's First Amendment Rights," Plaintiffs here do not allege that they lacked other opt-out opportunities.  Indeed, Plaintiffs do not even allege that they ever tried to withdraw and had a request denied.  Thus, this Court cannot find that the WDEA was enforced against Plaintiffs as the sole method of withdrawing from the union.

## IV. CONCLUSION

For the foregoing reasons, the Motions to Dismiss [Dkt. Nos. 37, 38, 39] will be **GRANTED**, and Plaintiffs' Cross-Motion for Declaratory Judgment [Dkt. No. 43] will be **DENIED**. Plaintiffs will be afforded thirty (30) days to file an Amended Complaint, to the extent that they can, in good faith, cure the deficiencies outlined herein. An appropriate Order shall issue on this date.

DATED: December 27, 2019

                                            s/Renée Marie Bumb
                                            RENÉE MARIE BUMB
                                            UNITED STATES DISTRICT JUDGE